IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 21, 2005

## MICHAEL SHANE HOLT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-D-2434      Cheryl Blackburn, Judge**

---

**No. M2005-00171-CCA-R3-PC - Filed September 23, 2005**

---

The Defendant, Michael Shane Holt, pled guilty to three counts of money laundering and was sentenced as a Range I, standard offender to three concurrent terms of eight years. He subsequently filed a petition for post-conviction relief, alleging that his guilty pleas were constitutionally infirm and that he received ineffective assistance of counsel in conjunction with his pleas. After an evidentiary hearing, the trial court denied relief. This appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Lonnie Maze, Nashville, Tennessee, for the appellant, Michael Shane Holt.

Paul G. Summers, Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant, Michael Shane Holt, was originally indicted for one count of conspiracy to commit money laundering, four counts of money laundering, and two counts of criminal forfeiture. The Defendant eventually pled guilty to three counts of money laundering pursuant to a plea agreement with the State; the remaining counts were dismissed. As part of the Defendant's plea agreement, he was sentenced as a Range I, standard offender in spite of having sufficient prior convictions to be sentenced as a Range III, career offender. See Tenn. Code Ann. § 40-35-108. The Defendant agreed to three concurrent terms of eight years for each of the money laundering offenses, to be served consecutively to a ten year term he was then serving for a prior conviction. The Defendant was on parole from that prior conviction at the time he committed the instant offenses.

At the evidentiary hearing on his petition for post-conviction relief, the Defendant testified that, at the time of his plea, he was under a lot of stress because his oldest brother had died just a short time previously, his wife was pregnant, and his wife had earlier that day pled guilty to some charges she shared with the Defendant. As a result of these stresses, he "didn't have a full understanding of what [he] was pleading guilty to." The Defendant explained that his family retained his defense lawyer ("Counsel") for him, but Counsel did not spend sufficient time with him or in preparing his case. He said that Counsel did not explain the State's evidence to him and did not adequately explain the charges he was facing. Counsel focused on the Defendant's past criminal record, warning him that he was facing thirty years if he was found guilty at trial of even a single count of money laundering. The Defendant maintained that Counsel pressured him into pleading guilty.

The Defendant admitted on cross-examination that, during his plea colloquy, he told the trial court that he understood the charges against him. He also admitted that he knew at the time of his plea that any sentence he received after a trial would run consecutively to the sentence he was then serving. Accordingly, he realized at the time he pled that going to trial placed him at "tremendous risk." The Defendant admitted that Counsel never "forced" him to plead guilty and that he knew that the final decision about whether to plead was his.

Counsel testified and explained that, as of the time of the hearing, he had been licensed to practice law for twelve or thirteen years and that the majority of his practice was criminal defense work. He stated that, after the Defendant's family retained him, he reviewed the State's file, spoke personally with the detectives, and received copies of video taped statements and some transcripts. Counsel also reviewed the statement the Defendant gave to the police. After reviewing the State's evidence, Counsel became concerned that the prosecution would succeed in obtaining a conviction against the Defendant. Because his investigation had revealed that the Defendant had six or seven previous Class B felonies, Counsel became concerned that the Defendant would be sentenced as a career offender.

Counsel testified that he met with the Defendant twice at the prison and also during the times the Defendant was in court. Counsel acknowledged that the Defendant was "stressed" at the time of his plea, in part because of his brother's death, his wife's pregnancy, and his concerns about taking care of his family while he was incarcerated. However, Counsel did not think that the Defendant was so overwhelmed that he did not know what he was doing at the time he pled guilty.

On cross-examination, Counsel admitted that the Defendant's prior convictions were his "biggest concern in this case."

The trial court considered this proof and also reviewed the transcript of the Defendant's guilty plea hearing, which was made an exhibit to the post-conviction hearing. The trial court subsequently entered a written order denying the Defendant's claim for relief. The trial court specifically credited Counsel's testimony. With respect to the Defendant's claim that his plea was

constitutionally infirm, the trial court specifically found that the Defendant "knowingly and voluntarily entered his plea in this case." With respect to the Defendant's claim that he suffered from ineffective assistance of counsel, the trial court concluded that the Defendant had failed to prove either that Counsel's representation was deficient, or that he was prejudiced by Counsel's performance.

**STANDARD OF REVIEW**

### A. Petitions for post-conviction relief

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

### B. Constitutionality of guilty plea

A criminal defendant's plea of guilty must be both voluntary and knowing in order to pass constitutional muster. See Boykin v. Alabama, 395 U.S. 238, 244 (1969); Blankenship v. State, 858 S.W.2d 897, 903 (Tenn. 1993). "[A] plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats . . . .'" Blankenship at 904 (quoting Boykin at 242-43). Moreover, a voluntary plea is one in which there is nothing to indicate that the defendant was incompetent or otherwise not in control of his or her mental facilities at the time the plea is entered. See Blankenship at 904. In determining whether a guilty plea is voluntary and knowing, the reviewing court

> must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship at 904.

### C. Ineffective assistance of counsel

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). The prejudice component is modified such that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. See id. "However, a trial court's conclusions of law-- such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id.

**ANALYSIS**

We have carefully reviewed the transcript of the post-conviction hearing, the transcript of the Defendant's guilty plea hearing, and the trial court's order dismissing the Defendant's petition. We find no error by the trial court in its findings of fact or conclusions of law. The Defendant has failed to establish by clear and convincing evidence that his guilty plea was anything other than voluntary, knowing, and intelligent. Indeed, the transcript of his guilty plea hearing reveals that the Defendant assured the trial court that he understood what he was doing and that he was satisfied with his attorney's performance. The fact that the Defendant may have been stressed by his personal circumstances at the time does not render his guilty plea infirm. The fact that the Defendant's attorney advised him that his exposure at trial was far greater than the plea bargain he was being offered does not render his guilty plea coerced. Consequently the Defendant has failed to establish that he is entitled to post-conviction relief on the basis of the circumstances surrounding his plea.

The Defendant has further failed to establish by clear and convincing evidence that Counsel performed deficiently. Counsel, whose testimony the trial court specifically accredited, testified that he investigated the case, engaged in personal discussions with the detectives, and met with the Defendant several times. Based on his investigation, Counsel became concerned that the State would succeed in gaining a conviction against the Defendant. Based on his investigation into the Defendant's criminal background, Counsel became very concerned about the sentence the Defendant would be facing upon a conviction at trial. Counsel obtained a generous offer from the State on behalf of the Defendant. Because the Defendant was on parole at the time he committed the instant offenses, he was required to serve the instant sentences consecutively to the one he was already serving. See Tenn. R. Crim. P. 32(c)(3)(A). Our review of the record convinces us, as it did the trial court, that the Defendant received competent representation from Counsel. The Defendant's claim that Counsel's representation was ineffective is without merit.

Accordingly, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

-5-